| | |
|---|---|
| DANNY KIM, an individual, and BIG CONSTRUCTION CORPORATION, a Washington Corporation,<br><br>Plaintiffs,<br><br>v.<br><br>WESTERN BLOSSOM HILL INVESTORS, a California Limited Partnership, WESTERN-LOS GATOS I INVESTORS, a California Limited Partnership, ESSEX REDMOND HILL NE, L.P., a California Limited Partnership and ESSEX MANAGEMENT CORPORATION, a California Corporation,<br><br>Defendants. | Case No. C18-1879RSM<br><br>ORDER GRANTING DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT |

## I. INTRODUCTION

This matter comes before the Court on Defendants Western Blossom Hill Investors, Western-Los Gatos 1 Investors, Essex Redmond Hill NE, L.P., and Essex Management Corporation's Motion for Partial Summary Judgment. Dkt. #16. Defendants move to dismiss all claims brought by Plaintiff Danny Kim individually, claims related to the "Vesta Contract," claims premised on an oral promise to satisfy tax debt, claims under "quasi contract," and claims against Essex Management Corporation. Plaintiffs Danny Kim and Big Construction Corporation oppose. Dkt. #21. For the reasons stated below, this Motion is GRANTED.

## II. BACKGROUND

As this is a Motion for only partial summary judgment, the Court will detail only those limited facts relevant to the claims at issue.

Plaintiffs are a construction company and its president Danny Kim. Defendants are owners of various multi-family housing complexes in Western Washington.

### A. Elliot Contracts

On February 20, 2013, Defendants Western-Blossom Hill Investors and Western-Los Gatos I Investors entered into a construction agreement with Plaintiff Big Construction to renovate the kitchen and bath areas of 10 residential units in a multi-family housing complex known as "The Elliot at Mukilteo," located in the city of Mukilteo, Washington. *See* Dkt #18-1. This was a unit-priced contract (priced by the completion of each residential unit) with a maximum value of $119,309.87. *Id*.

On April 11, 2013, these same Defendants entered into a second construction agreement with Big Construction to perform kitchen and bath renovations in another 60 units at The Elliot. *See* Dkt #18-2. This contract was also a unit-priced agreement with a maximum value of $721,021.80. *Id*. For both of these contracts, Plaintiff Danny Kim signed on behalf of Big Construction. Mr. Kim executed a "Delegation of Signatory Authority" document stating that he is the president of Big Construction and therefore authorized to sign on behalf of that company. Dkt. #18-1 at 26.

### B. Vesta Contract

On March 13, 2013, a different Defendant, Essex Redmond Hill NE, L.P., entered into a construction agreement with Big Construction to perform full unit renovations in a multi-family

housing complex known as "The Vesta," located in the city of Redmond, Washington. *See* Dkt #18-3. The scope of work included supplying and installing new cabinets, countertops, doors, and accessories, and performing some millwork, minor drywall repairs, painting, and aesthetic upgrades. *See id*. This agreement was a unit-priced arrangement for up to 105 units with a maximum contract value of $1,525,104.15. *Id*. Plaintiff Danny Kim signed on behalf of Big Construction.

On or around June 9, 2014, Big Construction executed an Unconditional Final Lien Waiver and Release for the entire Vesta project, acknowledging that it had "been paid in full for all labor, services, materials and equipment that it supplied for the Project and Property." Dkt. #18-4. Big Construction "unconditionally waive[d] and release[d] any and all liens, claims of lien, rights to lien, stop notices, rights to submit stop notices, suits, demands, claims, protests, damages, losses and expenses of any nature whatsoever (whether under statute, in equity or otherwise and whether received through assignment or otherwise)" against the owner of the property and all of its affiliates. *Id.* Big Construction separately acknowledged and notarized the release.

Essex Management Corporation is listed as the owner's agent for construction management and administration purposes in both the Elliot Contracts and the Vesta Contract, but Essex Management Corporation is not a signing party to these agreements.

**C. Termination for Cause**

The Defendants terminated the Vesta Contract and other contracts with Big Construction on May 15, 2014. *See* Dkt. #18-5. The termination letter detailed certain units to be completed before the relationship was terminated. The letter cites several reasons for terminating the contracts, none of which are at issue at this time.

**D. Plaintiff Files Suit**

Plaintiffs Danny Kim and Big Construction filed this action in King County Superior Court on November 13, 2018. *See* Dkt. #1. Defendants later removed to this Court. *Id*.

Plaintiffs allege they entered into at least two written contracts with Defendants in 2013: the Vesta Contract and one of the Elliot Contracts listed above. See Dkt. #1-1 at ¶¶ 3.2–3.6. They allege they performed all services under these contracts but were never paid. *Id*. at ¶ 3.6. Plaintiffs also allege that the Defendants agreed to pay money owed by Plaintiffs' to the IRS:

> 3.7 In or around 2014, the Internal Revenue Service (IRS) issued a levy to Essex Inc. for Big Construction and Danny Kim's contract proceeds. Essex Inc. agreed to submit the proceeds to the IRS in exchange of satisfying their obligation under the contract.
>
> 3.8 Plaintiffs subsequently discovered a few years later that the IRS debt was never satisfied.

*Id.* at ¶¶ 3.7–3.8.

Plaintiffs' Complaint alleges three causes of action: (1) breach of contract; (2) promissory estoppel; and (3) quasi contract. *See id*. at ¶¶ 4.1–6.6.

### III.   DISCUSSION

**A. Legal Standard for Summary Judgment**

Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). Material facts are those which might affect the outcome of the suit under governing law. *Anderson*, 477 U.S. at 248. In ruling on summary judgment, a court does not weigh evidence to determine the truth of the matter, but "only determine[s] whether there is a genuine issue for trial." *Crane v. Conoco,*

*Inc.*, 41 F.3d 547, 549 (9th Cir. 1994) (citing *Federal Deposit Ins. Corp. v. O'Melveny & Meyers*, 969 F.2d 744, 747 (9th Cir. 1992)).

On a motion for summary judgment, the court views the evidence and draws inferences in the light most favorable to the non-moving party. *Anderson*, 477 U.S. at 255; *Sullivan v. U.S. Dep't of the Navy*, 365 F.3d 827, 832 (9th Cir. 2004). The Court must draw all reasonable inferences in favor of the non-moving party. *See O'Melveny & Meyers*, 969 F.2d at 747, *rev'd on other grounds*, 512 U.S. 79 (1994). However, the nonmoving party must make a "sufficient showing on an essential element of her case with respect to which she has the burden of proof" to survive summary judgment. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

**B. All Claims brought by Plaintiff Danny Kim**

Defendants first move to dismiss all claims brought by Danny Kim individually, as opposed to those brought by his company Big Construction. Defendants point to the fact that Mr. Kim was not personally a party to any of the contracts at issue in this case. Defendants also cite RCW 18.27.080:

> No person engaged in the business or acting in the capacity of a contractor may bring or maintain any action in any court of this state for the collection of compensation for the performance of any work or for breach of any contract for which registration is required under this chapter without alleging and proving that he or she was a duly registered contractor and held a current and valid certificate of registration at the time he or she contracted for the performance of such work or entered into such contract.

It is true that Danny Kim has failed to allege that he "was a duly registered contractor" at the time these contracts were entered into. *See* Dkt. #1-1. Defendants argue, and Plaintiffs do not contest, that no record exists of Danny Kim being so registered in 2013. *See* Krashan Decl. ¶ 5. Defendants cite *Coronado v. Orona*, 137 Wn. App. 308, 318–19, 153 P.3d 217 (2007) (holding an individual plaintiff and landscaper was barred from suing to recover for work allegedly

ORDER GRANTING DEFENDANTS' MOTION
FOR PARTIAL SUMMARY JUDGMENT - 5

performed) and *Suburban Fuel Co. v. Lamoreaux*, 4 Wn. App. 179, 183, 480 P.2d 216 (1971) (noting that in substance RCW 18.27.080 provides "that a court, otherwise having jurisdiction of the parties and subject matter, may not by an award of compensation or damages to an unregistered contractor enforce a construction contract, the performance of which by the contractor is made illegal).

Mr. Kim asserts he was not required to register as a contractor because he was solely an employee of Big Construction, relying upon the employee exemption to registration under RCW 18.27.090(15). Dkt #21 at 7–8. But the registration exemption only applies to employees "with wages as his or her sole compensation." *See* RCW 18.27.090(15). Kim has not established that he—as an owner of the company—only received employee wages as opposed to profits. The exemption is not designed to shield owners from this requirement. There is no genuine dispute of material fact on this issue. For the two reasons cited by Defendants, all claims brought by Danny Kim individually are dismissed on summary judgment.

**C. All Claims for Damages under the Vesta Contract**

Defendants have submitted an "Unconditional Final Lien Waiver and Release" concerning the Vesta Project. Dkt. #18-4. This notarized document, signed by Danny Kim on behalf of Big Construction in June of 2014, states that Big Construction has been "paid in full" and "unconditionally waives and releases any and all liens, claims of lien… suits, demands, claims, protests, damages, losses and expenses of any nature whatsoever… against or with respect to the Owner of the Property, Essex Property Trust… or any other party holding an interest in the Property…" *Id*. This would seem to foreclose any claim brought by Plaintiffs for payment or damages related to this project.

ORDER GRANTING DEFENDANTS' MOTION
FOR PARTIAL SUMMARY JUDGMENT - 6

Plaintiffs argue it is possible Mr. Kim signed this document *before* he was paid, and that the burden should be on Defendants to provide additional factual support, such as receipts, wires, and check images before summary judgment is granted. Dkt. #21 at 9.

The Court disagrees. This signed and notarized document is sufficient evidence to bar Plaintiffs from bringing a claim for payment on the Vesta Project. Plaintiffs do not contest the authenticity of this document. Plaintiffs do not provide any evidence that this document was made under duress or through fraud. Plaintiffs do not raise a genuine dispute of material fact. Accordingly, all claims for payment under the Vesta Contract are dismissed.

### D. Promise to Pay the IRS

Defendants move to dismiss Plaintiffs' claim of breach of an agreement to satisfy the IRS debt owed by Big Construction, arguing that such agreement was not reduced to writing and is therefore unenforceable under Washington's statute of frauds, that the statute of limitations has expired for such a claim, and that the alleged promisor, Essex, Inc., is not a named defendant. Dkt. #16 at 2.

Plaintiffs argue that there is a genuine factual issue as to whether this agreement as reduced to a writing, citing the declaration of Danny Kim. Dkt. #21 at 6. Mr. Kim declares that employees for Essex Management "promised to pay off the IRS and the liens in exchange for satisfying the outstanding payments owed to me on the contracts," and that "I cannot say with certainty, but there is a possibility this promise to pay the IRS and liens was confirmed with an email…" Dkt. #19 at 4. Thinking that the IRS debt was paid off, Mr. Kim then dissolved Big Construction, and did not find out that the IRS debt was not paid until sometime in June 2018. *Id.*

ORDER GRANTING DEFENDANTS' MOTION
FOR PARTIAL SUMMARY JUDGMENT - 7

Plaintiffs maintain that this claim can be pursued despite the statute of frauds via promissory estoppel, and that the statute of limitations is tolled by the discovery rule. Dkt. #21 at 10–11 (citing *Klinke v. Famous Recipe Fried Chicken, Inc.*, 94 Wn.2d 255, 259, 616 P.2d 644 (1980)).

Defendants retort that "Plaintiffs have failed to come forth with any evidence that the alleged promise to pay Big's delinquent tax debts was reduced to writing and signed by one or more of the Defendants," and that Mr. Kim's declaration to the contrary is pure speculation. Dkt. #22 at 5–6. Defendants argue that the promising party in *Klinke* promised to create a written memorandum of the agreement and was therefore estopped from bringing a statute of frauds defense; here there is no allegation that Defendants promised to not only pay the IRS but to commemorate that agreement in a written memorandum. *Id*. at 7.

The Court agrees with Defendants that the statute of frauds applies to this claim. Washington's statute of frauds provides that certain contracts are void unless memorialized in writing and "signed by the party to be charged therewith." RCW 19.36.010. "[E]very special promise to answer for the debt, default, or misdoings of another person" is subject to the statute of frauds. RCW 19.36.010(2). Defendants argue that the agreement to pay the IRS is a promise to answer for the debt of Plaintiffs, and Plaintiffs present no convincing argument to the contrary. Defendants are not estopped from bringing this defense because Plaintiffs have not pled and present no evidence that Defendants promised to reduce this arrangement to writing. Plaintiffs' belief that there is a "possibility" that an email was sent confirming the arrangement is not a sufficient showing to prevent Defendants from proceeding with this otherwise valid defense. Absent some evidence that a jury could rely on that this promise was reduced to writing, the Court must dismiss this claim.

There is no allegation that Defendants signed a promise to pay this debt, making this at most an oral contract. The Court notes that this oral contract would likely be barred by the applicable statute of limitations—RCW 4.16.080(3). This lawsuit was not filed until November 13, 2018, more than three years after the above dealings between the parties had concluded. Under the discovery rule, a cause of action does not accrue until the plaintiff discovers or reasonably should have discovered all of the essential elements of his or her claim. *Rainier Beach Development Company, LLC v. King County*, C16-0822-JCC (W.D. Wash. 2017) (citing *Green v. Am. Pharm. Co.*, 960 P.2d 912, 915 (Wash. 1998)). Defendants argue that Plaintiffs reasonably should have discovered that the alleged payment to the IRS never happened; although such a question would typically proceed to the jury, Plaintiffs present no evidence or argument to explain the delay. Given the information before the Court, no reasonable jury could conclude it was reasonable for Plaintiffs to rely on an oral agreement to pay the IRS hundreds of thousands of dollars on behalf of Plaintiffs without seeking verification that such payment occurred.

**E. Quasi Contract Claim**

Plaintiffs do not contest that their quasi-contract claim, essentially a claim for unjust enrichment, is subject to a three-year statute of limitations. *See* RCW 4.16.080; *Lowden v. T-Mobile USA, Inc.*, 2009 U.S. Dist. LEXIS 21759, *9, 2009 WL 537787 (W.D. Wash. February 18, 2009). For the reasons above, Plaintiffs cannot rely on the discovery rule to extend this deadline for the claims based on payments to the IRS. Further, Plaintiffs cannot bring a quasi contract claim for the remainder of the contracts, as Defendants terminated all contracts with Plaintiffs more than three years prior to filing. Plaintiffs protestations to the contrary rely solely on speculation. Accordingly, this claim is properly dismissed as untimely.

### F. Claims against Essex Management Corporation

Defendants argue that Essex Management Corporation was technically not a party to the contracts at issue and therefore should not be a Defendant in this case. The parties appear to agree that Essex Management was acting as an agent of the other Defendants. Defendants argue that Essex Management actions were within the scope of that agency relationship, and that therefore it cannot be liable for the actions of the principals in allegedly breaching the contracts. Dkt. #16 at 11 (citing *Annechino v. Worthy*, 175 Wn.2d 630, 638, 290 P.3d 126 (2012)). Plaintiffs, relying on the declaration of Mr. Kim, contend that there is a factual dispute as to "whether Essex Management was actually acting within the scope of its agency when its employees (1) terminated the contracts between Big Construction and the principals and (2) promised Plaintiff to pay his IRS tax debts." Dkt. #21 at 13. Defendants state on Reply: "Kim's own declaration admits that he entered into these contracts with Essex Management Corporation 'as an agent for several different defendants.'" Dkt. #22 at 8 (citing Dkt. #19 at ¶ 2).

Again, the Court finds that Mr. Kim's speculative declaration is insufficient to create a genuine dispute as to material fact or to satisfy Plaintiffs' burden to make a sufficient showing as to an essential element of this claim. Plaintiffs point to no evidence that could lead a jury to believe Essex Management was acting outside the scope of its agency. Accordingly, this Defendant is properly dismissed.

### G. Plaintiffs' Request for Further Discovery

Plaintiffs indicate in their Response that "further discovery is required" about certain Essex Management employees and that "there are verifiable issues of disputed fact that still require further discovery." Dkt. #21 at 5 and 14. However, Plaintiffs do not cite the Rule 56(d)

ORDER GRANTING DEFENDANTS' MOTION
FOR PARTIAL SUMMARY JUDGMENT - 10

standard nor otherwise show specified reasons why further discovery would reveal facts essential to opposing this Motion. Accordingly, the Court will not grant such relief at this time.

### H. Plaintiffs' Motion for Leave to Amend Complaint

Plaintiffs attempt to move for leave to amend their Complaint in their opposition to the instant Motion. Dkt. #21 at 14. This is procedurally improper and denies Defendants the opportunity to properly respond. The Court will not grant the requested relief, but Plaintiffs are free to seek such in a separate Motion consistent with the Court's Local Civil Rules.

### IV. CONCLUSION

Having reviewed the relevant briefing, attached declarations, and the remainder of the record, the Court hereby finds and ORDERS:

1) Defendants' Motion for Partial Summary Judgment, Dkt. #16, is GRANTED.

2) All claims asserted by Plaintiff Danny Kim are DISMISSED.

3) All claims for damages under the Vesta Contract are DISMISSED.

4) All claims for breach of a contract or promissory estoppel for Defendants to pay the IRS on behalf of Plaintiffs are DISMISSED.

5) Plaintiffs' Third Cause of Action for Quasi Contract is DISMISSED.

6) All claims asserted against Essex Management Corporation are DISMISSED.

DATED this 12 day of August 2019.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE